UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID LOUIS COSTELLA,

        Petitioner,

  vs.

KENNETH CLARK, Warden, and CALIFORNIA DIRECTOR OF CORRECTIONS AND REHABILITATION,

        Respondents.

No. C 08-1010 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

A jury convicted petitioner of resident child molestation and lewd and lascivious acts with a child under fourteen. He was sentenced to prison for eighteen years. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review. His state habeas petitions were denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

1  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet
2  heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An
3  application for a federal writ of habeas corpus filed by a prisoner who is in state custody
4  pursuant to a judgment of a state court must "specify all the grounds for relief which are
5  available to the petitioner ... and shall set forth in summary form the facts supporting each
6  of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.
7  foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts
8  that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes
9  (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which
10 appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon*
11 *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,
12 concurring).

### B.   Legal Claims

14 As grounds for federal habeas relief, petitioner asserts that:  (1) His trial counsel was
15 ineffective in specified ways; and (2) his ex post facto rights were violated when a new
16 extended statute of limitations was applied to his case after the previous, shorter,
17 limitations period had expired.  These claims are sufficient to require a response.

18 On page seven of the petition the question "Do you have an attorney for this
19 petition?" is answered yes, and the name and address of attorney Peter Goldscheider.  On
20 the other hand, on the "Memorandum of Facts and Law in Support of Petition for Writ of
21 Habeas Corpus," the cover page lists "David Louis Costella[,] Pro Se," and "C/O Peter F.
22 Goldscheider, Attorney at Law... ."  That is, in the petition the petitioner says he is
23 represented by counsel, but in the memorandum he is listed as pro se.  Because it makes a
24 difference to internal administrative matters, counsel shall clarify this point.

### CONCLUSION

26 1. Counsel shall file an appearance or a statement that he does not represent
27 petitioner within ten days of the date this order is entered.  The clerk shall send a copy of
28 this order to Peter F. Goldscheider, 438 Cambridge Avenue, Suite 250, Palo Alto, CA

94306.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondents and respondents' attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondents shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondents shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondents within thirty days of his receipt of the answer.

4. Respondents may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondents file such a motion, petitioner shall file with the court and serve on respondents an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondents shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondents by mailing a true copy of the document to respondents' counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: March 3, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\COSTELLA1010.OSC.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L COSTELLA, | Case Number: CV08-01010 PJH |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| KENNETH CLARK et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


David Louis Costella T-86218
CSATF
E2-244
P.O. Box 5242
Corcoran, CA 93212

Peter F. Goldscheider
438 Cambridge Avenue
Suite 250
Palo Alto, CA 94306


Dated: March 3, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk