1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JILL M. THAYER, State Bar No. 166428
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5954
     Fax:  (415) 703-1234
8    Email:  Jill.Thayer@doj.ca.gov

9  Attorneys for Respondent

10

11                  IN THE UNITED STATES DISTRICT COURT

12             FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14
   | | |
   |---|---|
   | **DAVID LOUIS COSTELLA,** | C 08-1010 PJH (PR) |
   | Petitioner, | **MOTION TO DISMISS HABEAS PETITION AS BARRED BY THE STATUTE OF LIMITATIONS** |
   | v. | |
   | **KENNETH CLARK, Warden, and CALIFORNIA DIRECTOR OF CORRECTIONS AND REHABILITATION,** | |
   | Respondent. | |

21          Respondent hereby moves to dismiss the petition for writ of habeas corpus on the

22  ground that it is untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the

23  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

24          By order of March 3, 2008, this Court gave respondent the option of filing a motion to

25  dismiss on procedural grounds in lieu of an answer.  Or. at 3.  A motion to dismiss is proper

26  where the petition is procedurally defective.  *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir.

27  1989);  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990);  Rules Governing 28 U.S.C. §

28

1    2254 Cases, Rule 4 and Advisory Committee Notes.

2                              **PROCEDURAL BACKGROUND**

3           A jury found petitioner guilty of continuous sexual abuse of a child under 14 (Cal. Pen.

4    Code, § 288.5(a)) and lewd and lascivious acts with a child under 14 (Cal. Pen. Code, § 288(a)).

5    On March 14, 2003, the court sentenced petitioner to 18 years.  Pet. at 2-3.

6           Petitioner appealed and filed a petition for writ of habeas corpus.  On October 1, 2004,

7    the California Court of Appeal affirmed petitioner's conviction on appeal and denied the writ.

8    Pet. at Ex. A at 1.

9           Petitioner petitioned for review of both proceedings in the California Supreme Court.

10   The California Supreme Court denied review of the appeal on December 15, 2004.  Ex. 1.  The

11   California Supreme Court granted review of the California Court of Appeal's denial of the writ

12   of habeas corpus on January 12, 2005.  The California Supreme Court ordered the California

13   Court of Appeal to issue an order to show cause, returnable before the superior court, on the

14   issues of whether petitioner received ineffective assistance of counsel based on his attorney's

15   failure to conduct an investigation into the victim's credibility and his attorney's failure to

16   investigate and present lay and expert testimony that petitioner did not exhibit sexually deviant

17   personality characteristics.  Ex. 2.  After a three-day evidentiary hearing, the Santa Clara County

18   Superior Court denied relief on April 27, 2006.  Pet. at Ex. A at 2, 10.

19          Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal

20   on September 11, 2006, which was denied on December 11, 2006.  Ex. 3.  Petitioner timely filed

21   a petition for review on December 20, 2006.  Ex. 4.   After requesting and receiving an answer to

22   the petition, the California Supreme Court denied review on February 14, 2007.  Ex. 4.

23          The instant petition was filed on February 20, 2008.

24                                    **ARGUMENT**

25                   **THE FEDERAL HABEAS PETITION IS UNTIMELY**

26          The AEDPA imposes a one-year statute of limitations on the filing of federal habeas

27   petitions.  28 U.S.C. § 2244(d).  The year commences on "the date on which the judgment became

28   final by the conclusion of direct review or the expiration of the time for seeking such review."  28

Motion to Dismiss          Costella v. Kenneth Clark, Warden, and California Director of Corrections and Rehabilitation
                                                                                          C 08-1010 PJH (PR)

1 | U.S.C. § 2244(d)(1)(A).

2 |      The AEDPA allows for tolling during the pendency of a "properly filed application for

3 | State post-conviction or other collateral review with respect to the pertinent judgment or claim."

4 | 28 U.S.C. § 2244(d)(2).  An application is pending until it has reached final resolution through the

5 | ordinary state collateral review process.  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).  The period

6 | an application is pending includes the intervals between a lower court's entry of judgment and a

7 | timely notice of appeal, *id.*, subject to the limitations discussed below.

8 |      California's collateral review system does not require appellate review of a habeas

9 | petition, but permits a petitioner to file a new original habeas petition, and determines the timeliness

10 | of each filing according to a reasonableness standard.  *Carey v. Saffold*, 536 U.S. at 221.  "In

11 | California, the supreme court, intermediate courts of appeal, and superior courts all have original

12 | habeas corpus jurisdiction."  *Nino v. Galaza*, 183 F.3d 1003, 1006 n. 2 (9th Cir. 1999);  Cal. Const.

13 | art. VI, § 10.  Although a superior court order denying habeas relief is non-appealable, a petitioner

14 | may file an original habeas petition in the California Court of Appeal.  *Nino v. Galaza*, 183 F.3d at

15 | 1006 n.2.  If the court of appeal denies habeas relief, the petitioner may seek review by filing a

16 | petition for review or by filing an original petition in the California Supreme Court.  *Id.* at 1006 n.3.

17 |      Although a petition is called an original petition, and its timeliness is determined by a

18 | reasonableness standard, California's collateral review system functions like that of other states in

19 | providing basic appellate review.  536 U.S. at 221-22.  Accordingly, as long as a California prisoner

20 | "filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and

21 | add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse

22 | decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189,

23 | 193 (2006).

24 |      "In the absence of (1) clear direction or explanation from the California Supreme Court

25 | about the meaning of the term 'reasonable time' in the present context, or (2) clear indication that

26 | a particular request for appellate review was timely or untimely," the federal courts must "examine

27 | the delay in each case and determine what the state courts would have held in respect to timeliness."

28 | *Evans v. Chavis*, 546 U.S. at 198.  An order denying a petition without stating the grounds for its

Motion to Dismiss      Costella v. Kenneth Clark, Warden, and California Director of Corrections and Rehabilitation
C 08-1010 PJH (PR)

3

decision does not warrant a holding that the filing was timely. *Id.* at 197. An unjustified or unexplained six-month filing delay is not reasonable in California. *Id.*; *see also Gaston v. Palmer*, 447 F.3d 1165, 1166-67 (9th Cir. 2006) (10, 15, and 18 months intervals not reasonable).

In deciding whether a filing was made within a reasonable time, a federal court "must keep in mind that, in *Saffold*, [the Supreme Court] held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, *i.e.*, that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Evans v. Chavis*, 546 U.S. at 199-200. Most states provides only short periods, 30 to 60 days, within which to appeal a decision to the state supreme court. *Id.* at 201. In California, a criminal defendant must file a notice of appeal in a direct appeal from a superior court judgment within 60 days. Cal. Rules of Court 8.308(a). The People must file a notice of appeal from an order granting habeas relief within 60 days. Cal. Pen. Code, § 1506. Based on the Supreme Court's statement in *Evans* and deadlines for filing appeals in California, delays substantially longer than 60 days are unreasonable in California. *See Culver v. Director of Corrections*, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (delays of 71 and 97 days unreasonable).

In the present case, petitioner's state habeas petition was pending when the judgment became final on direct review, and remained pending until the superior court denied the writ on April 27, 2006. Petitioner then waited 137 days before filing a new habeas petition in the California Court of Appeal on September 11, 2006. Since his delay was substantially longer than 60 days, it was unreasonable. Since petitioner's application for relief was not pending during the 137-day interval before he filed his petition in the court of appeal, he is not entitled to statutory tolling during that period.

After the California Court of Appeal denied relief on December 11, 2006, petitioner timely filed a petition for review in the California Supreme Court on December 20, 2006. The California Supreme Court denied review on February 14, 2007. Since his petition for review was timely filed, petitioner is entitled statutory tolling from the time he filed his petition in the California Court of Appeal on September 11, 2006, until the California Supreme Court denied review of the habeas

Motion to Dismiss          Costella v. Kenneth Clark, Warden, and California Director of Corrections and Rehabilitation
C 08-1010 PJH (PR)

4

1    petition on February 14, 2007.  *Carey v. Saffold*, 536 U.S. at 219-20.

2        A California Supreme Court order denying a petition for review is final on filing.  *Phelps*

3    *v. Alameda*, 366 F.3d 722, 724 n.1 (9th Cir. 2004);  Cal. Rules of Court 8.532(b)(2).  A petitioner

4    is not entitled to statutory tolling for the period available to file a petition for writ of certiorari in the

5    United States Supreme Court following state collateral review.  *Lawrence v. Florida*, 127 S.Ct.

6    1079, 1083 (2007).

7        Accordingly, when petitioner completed his state collateral challenges, 137 days of the

8    federal limitations period had run, and 228 days remained.  Thus, petitioner had until September 30,

9    2007, within which to file his federal petition.  *See Patterson v. Stewart*, 251 F.3d 1243 (9th Cir.

10   2001).  Petitioner did not file his federal petition until February 20, 2008, over 143 days after the

11   limitations period expired.[1]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27        1.  Even if this Court determines petitioner filed his habeas petition in the Court of Appeal

28   within a reasonable time, and is entitled to an additional 137 days of tolling, his petition is still
     untimely by six days.

Motion to Dismiss        Costella v. Kenneth Clark, Warden, and California Director of Corrections and Rehabilitation
                                                                                C 08-1010 PJH (PR)

5

1

**CONCLUSION**

2          Since the instant petition was not filed within one year of the date of final judgment, and

3   statutory tolling does not extend the limitation period enough to render the petition timely, we

4   respectfully request that the Court dismiss the petition for writ of habeas corpus with prejudice.

5          Dated:  June 17, 2008

6                                        Respectfully submitted,

7                                        EDMUND G. BROWN JR.
                                         Attorney General of the State of California

8                                        DANE R. GILLETTE
                                         Chief Assistant Attorney General

9                                        GERALD A. ENGLER
10                                       Senior Assistant Attorney General

11                                       PEGGY S. RUFFRA
                                         Supervising Deputy Attorney General

12

13                                       /s/ Jill M. Thayer
                                         JILL M. THAYER
14                                       Deputy Attorney General
                                         Attorneys for Respondent

15

16   20115655.wpd
17   SF2008400795

18

19

20

21

22

23

24

25

26

27

28

Motion to Dismiss          Costella v. Kenneth Clark, Warden, and California Director of Corrections and Rehabilitation
                                                                                      C 08-1010 PJH (PR)

# EXHIBIT 1

Court of Appeal, Sixth Appellate District - No. H025751
**S129010**

DOCKETED
SAN FRANCISCO

DEC 1 3 2004

By ___ D. VELASCO

No. S-F20037100708

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

DAVID LOUIS COSTELLA, Defendant and Appellant.

Petition for review DENIED.

SUPREME COURT
**FILED**

DEC 1 5 2004

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
_____
Chief Justice

# EXHIBIT 2

Court of Appeal, Sixth Appellate District - No. H027157
**S129092**

SUPREME COURT
**FILED**

JAN 1 2 2005

Frederick K. Ohlrich Cler

DEPUTY

# IN THE SUPREME COURT OF CALIFORNIA
### En Banc

---

In re DAVID LOUIS COSTELLA on Habeas Corpus

---

Petition for review GRANTED.

The matter is transferred to the Court of Appeal, Sixth Appellate District, with directions to vacate its October 1, 2004 order denying the petition for writ of habeas corpus and to issue an order to show cause, returnable before the Santa Clara County Superior Court. The Director of the Department of Corrections is ordered to show cause before the Santa Clara County Superior Court, when the matter is ordered on calendar, why petitioner is not entitled to relief based on the ineffective assistance of trial counsel for failing to conduct an investigation into the credibility of witness M., and for failing to investigate and present lay and expert testimony establishing that petitioner did not exhibit sexually deviant personality characteristics, as petitioner contends in claims I and III of the petition for writ of habeas corpus filed in the Court of Appeal on March 8, 2004. The return is to be filed on or before February 10, 2005.

JAN 1 2 2005

By L. CARAMANZANA

No. SF 2004 SH002

|                          |
|--------------------------|
| George                   |
| *Chief Justice*          |
| Kennard                  |
| *Associate Justice*      |
| Baxter                   |
| *Associate Justice*      |
| Werdegar                 |
| *Associate Justice*      |
| Chin                     |
| *Associate Justice*      |
| Brown                    |
| *Associate Justice*      |
| Moreno                   |
| *Associate Justice*      |

# EXHIBIT 3

# CALIFORNIA APPELLATE COURTS
## Case Information

Welcome
Search
E-mail
Calendar
Help
Opinions

C|C
home

### 6th Appellate District

Change court ▼

Court data last updated: 06/10/2008 12:05 PM

**Case Summary    Docket    Scheduled Actions    Briefs
Disposition    Parties and Attorneys    Trial Court**

## Docket (Register of Actions)

**Costella on Habeas Corpus**
**Case Number H030614**

| Date | Description | Notes |
|------|-------------|-------|
| 09/11/2006 | Petition for a writ of habeas corpus filed. | |
| 09/11/2006 | Exhibits lodged*************** | 3 vols. (2 are titled "reporter's transcripts") |
| 09/18/2006 | Certificate filed of: | from Atty Goldscheider word count on writ of habeas corpus (tct writ) |
| 09/18/2006 | Exhibits lodged*************** | corrected exh A-K (tct writ) |
| 09/18/2006 | Motion filed. | from Atty Goldscheider to file oversized petition (tct writ) |
| 12/11/2006 | Case fully briefed. | |
| 12/11/2006 | Order denying petition filed. | The motion for filing an oversized petition for writ of habeas corpus is granted. The petition for writ of habeas corpus is denied (PBM, NM, RJM) |
| 12/11/2006 | Case complete. | |
| 12/20/2006 | Petition for review filed in Supreme Court. | filed this date per Jose |
| 12/20/2006 | Record transmitted to Supreme Court. | |
| 01/30/2007 | Answer to petition for review received | |
| 02/21/2007 | Petition for review denied in Supreme Court. | |
| 02/28/2007 | Record returned from Supreme Court. | |
| 02/28/2007 | Record purged - to be shipped to state records center. | |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

# EXHIBIT 4

# CALIFORNIA APPELLATE COURTS

## Case Information

Supreme Court

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

## Supreme Court

Court data last updated: 06/10/2008 12:53 PM

**Case Summary   Docket   Briefs
Disposition   Parties and Attorneys   Lower Court**

## Docket (Register of Actions)

**COSTELLA (DAVID) ON H.C.**
**Case Number S148893**

| Date | Description | Notes |
|---|---|---|
| 12/20/2006 | Petition for review filed | David L. Costella, petitioner Peter F. Goldscheider, Counsel |
| 12/20/2006 | Record requested | |
| 12/21/2006 | Received Court of Appeal record | one file jacket/exhibits |
| 01/08/2007 | Answer to petition requested | from the Attorney General - SF to be served and filed on or before January 29, 2007. Answer should be addressed to the following: "Whether petitioner has established a prima facie case for relief, such that this court should grant the petition for review, and transfer the matter to the Court of Appeal with instructions to issue an order to show cause. (Cal. Rules of Court, rules 8.500(b)(4), 8.528(d).) |
| 01/29/2007 | Answer to petition for review filed | Respondent People Jill M. Thayer, Deputy Attorney General - SF |
| 02/08/2007 | Reply to answer to petition filed | David Louis Costella, petitioner by Peter F. Goldscheider, retained counsel |
| 02/14/2007 | Petition for review denied | |

**Click here to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California