**PETER F. GOLDSCHEIDER**
    Attorney at Law
438 Cambridge Avenue Suite 250
Palo Alto, CA 94306
650-323-8296
State Bar Number 53617

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOUIS COSTELLA ) | |
| ) | |
|     Petitioner, ) | No. C 08-1010 PJH (PR) |
| ) | |
| -vs- ) | |
| ) | OPPOSITION TO MOTION TO DISMISS |
| KENNETH CLARK, Warden, and ) | PETITION FOR WRIT OF HABEAS CORPUS; |
| CALIFORNIA DIRECTOR OF ) | MEMORANDUM OF LAW |
| CORRECTIONS et. al ) | |
| ) | |
|     Defendant. ) | |
| _____) | |

## INTRODUCTION

    Petitioner hereby opposes the motion to dismiss by the State of California on the ground that the petition filed with this court on February 20, 2008 was untimely. Said motion is made on two separate grounds: first, that the petitioner "waited" too long to file his second state habeas petition ("Habeas II") following the evidentiary hearing ordered by the California Supreme Court and ruling of the Superior Court rendered on April 27, 2007, said petition having been filed approximately 4 ½ months after that ruling. Second, the State claims that, notwithstanding the first ground, the statute of limitations for filing the federal habeas expired on February 14, 2008, the one year anniversary of the California Supreme Court's denial of petitioner's third Petition for Review.

1

As will be discussed below neither of these grounds is meritorious. Petitioner was exceptionally diligent in filing his Habeas II, in that the transcript of the evidentiary hearing, necessary for the state Court of Appeal to review the findings of the Superior Court at the evidentiary hearing, was not available until at least July 16, 2008 (see Declaration of Peter F. Goldscheider and accompanying statement by Court Reporter). Hence, Habeas II was filed 57 days after it was even possible to present it to the Court of Appeal.

With regard to the filing the federal habeas, petitioner contends that he had until May 14, 2008 to file in this Court based on the analysis below. Even, if Respondent's calculations in this regard are correct, however, because petitioner made all reasonable efforts to file this matter by February 14, 2008 and was prevented from doing so by the obstacles he encountered at his place of incarceration, the 6 days that expired following February 14, should be subject to equitable tolling, permitting this filing to be deemed timely.

For all of these reasons, petitioner submits that respondent's motion to dismiss should be denied.

## **PROCEDURAL BACKGROUND**

Petitioner generally agrees with the chronology of events recited by respondent with the following additions: in denying petitioner's direct appeal and first Habeas on October 1, 2004, the Court of Appeal essentially consolidated them for review via former Cal. Rule of Court 24(b)(4).( Exhibit F) This order permitted petitioner to seek review of both the denial of the direct appeal and Habeas I simultaneously.  Although the Supreme Court denied the petition for review of his direct appeal on December 15, 2004, petitioner contends that all time thereafter that would count towards the federal statute of limitations (SOL) was tolled, including the 90 days permitted for filing a petition for certiorari with the United States Supreme Court.

Thereafter, following the granting of petitioner's Petition for Review from his Habeas I, the remand by the Court of Appeal and the evidentiary hearing held in December 2005, the

2

Superior Court issued its order denying the writ on April 27, 2006. Although petitioner immediately ordered a copy of the testimony and other proceedings, because the court reporter could not produce them until at least July 16, 2006, his Habeas II was not filed until September 11, 2006. After the State Court of Appeal denied that writ on December 11, 2006, which order contained no indication whatsoever that it was denied as untimely, petitioner again was timely in filing his third petition for review on December 20, 2006. That petition was denied on February 14, 2007.

In December 2007, the undersigned counsel for petitioner prepared and mailed to petitioner a form habeas petition and extensive memorandum of law and facts for petitioner's signature. The undersigned also mailed to petitioner on that date, an in forma pauperis petition (IFP), requesting that petitioner immediately obtain his prison accounting. Based on the uncertainties of when the SOL expired given the procedural history, counsel indicated to petitioner his intent to file in this court well before February 14, 2008. (See letter attached as Exhibit C to declaration of Peter F. Goldscheider).

As petitioner attests, however, he encountered a series of difficulties thereafter in obtaining his prison accounting. Petitioner attests that he did not initially understand the purpose of the in forma pauperis application and that it needed to be filed with the petition itself. Because of a prison "lockdown", however he was unable to contact the undersigned to discuss the matter. He was also unable to request his accounting for several weeks. Nevertheless, even then he had full reason to expect that he would receive that documentation within several days. Then although he communicated with his counselor and the prison trust office, he was told that the request had to be sent to the prison litigation office. When he did so, he received no word for over three weeks during which time February 14 came and went. He finally obtained his accounting on February 21, although it was dated February 13, 2008. (See accounting attached to IFP Application filed previously with this Court)

In the interim, the undersigned, despite the importance to petitioner and his family of IFP status, not knowing when or even if petitioner would be able to send the completed IFP,

3

1  filed the federal habeas on February 20, 2008 and paid the filing fee on petitioner's behalf.

2  Finally, after the undersigned received the completed IFP and accounting from
3  petitioner, it was filed with his court on March 3, 2008. Said application was subsequently
4  denied by the court.

## ARGUMENT

### THE FEDERAL PETITION WAS TIMELY FILED

**A. Petitioner was Entitled to File His Federal Habeas Petition 1 Year and Three Months After the Denial by the California Supreme Court of His Habeas II**

While it is true that AEDPA imposes a one-year deadline for filing a federal habeas following the date the judgment becomes final, 28 U.S.C. § 2244(d) is less than explicit as to what time period tolled during the pendency of a "properly filed" habeas petition. That section states in pertinent part:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . .
> (2) The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of limitation under this
> subsection.

The statute makes clear that a defendant who seeks relief from issues raised in his direct appeal has 1 year and three months in which to file a federal habeas. Morever, while he has a state habeas petition pending, the period in which to file his federal habeas *never* commences.

4

Here, it is undisputed that the entire time petitioner' direct appeal was pending, so was his Habeas I as well. As a result the facts are completely distinguishable from those in *Lawrence v. Florida* (2007) 127 S. Ct. 1079, 1083, cited by respondent. In *Lawrence* the facts were as follows: After the cert petition from the direct appeal was denied in that case, nearly a year later, Mr. Lawrence filed his state habeas. After it was denied, he filed another cert petition. While that cert petition was pending and 113 days after his habeas was denied, he filed his federal habeas. The Supreme Court found that it was untimely on the ground that the time for filing a federal petition is not tolled by § 2244 (d)(2) when the cert petition is from the denial of a *habeas petition* only. (*Id.* p. 1083)

Here, there is no dispute that during the *entire* pendency of petitioner's direct appeal, the state habeas was pending. As a result at no time until it was finally denied (subject to the *Saffold* issue discussed infra.) on February 14, 2007, did the SOL for the filing of a federal habeas even commence. It should be noted in this regard, as well as with regard to the *Saffold* issue, that there is no issue presented here that petitioner's state habeas was not "properly filed" as defined in *Pace v. DiGuglielmo* (2005) 544 U.S. 408. (See infra.)

Petitioner's federal habeas raises issues from both his direct appeal and his state habeas. He contends therefore, that the 1 year 3 month period never commenced until February 14, 2007. Respondent will argue that the time for filing a cert petition referred to in § 2244 (d) defines merely the time of finality of the state court judgment. ( *Clay v. United States* (2003) 537 U.S. 522, 524-5 ("Finality attaches when this court affirms a conviction on the merits on direct review or denied a petition for a writ of certiorari, or when the time for filing a certiorari expires...")) Nevertheless, given the fact that the direct appeal and habeas proceedings were essentially consolidated for review and the fact statutory tolling was in effect from the very commencement of the direct appeal process, no authority exists for rejecting petitioner's calculations under these circumstances. It would indeed be anomalous to afford the same limitations period to a habeas petitioner who wishes to raises issues from his direct appeal, following tolling of the statutory period, as to one who waited a year to file his state habeas,

5

during which time no tolling took place. (See e.g. *Taylor v. Lee* (4th Cir. 2005)186 F. 3rd 557, 561 ("Under § 2244, the entire period of state post-conviction proceedings, from the initial filing to the final disposition by the highest state court (whether decision of the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioner...")) [1]

Moreover, respondent has cited no case law that, under the circumstances presented here, where the state court has essentially consolidated the review process of a direct appeal with a contemporaneously filed habeas, that holds that the 90 day period for filing a cert petition is not tolled as part of the limitations period for filing a federal habeas. As Justice Ginsberg pointed out in her dissent in *Lawrence*, the issue of whether the time for seeking certiorari was excluded from the tolling period while a state petition was pending was not at issue in *Lawrence*. (*Id.* 1087, fn. 1) As previously discussed, unlike the factual scenario here, no state habeas petition was pending when *Lawrence* filed either of his cert petitions. *Lawerence* relied on the theory that the cert petition *itself* was part of the state collateral proceedings. The Supreme Court found otherwise holding that review in the Supreme Court is not part of "state post-conviction or other collateral review". Petitioner's Habeas II petition, however, certainly was, by definition, such a proceeding. As a result, during its pendency, any and all time allotted by § 2244 to file a federal habeas was tolled.

It is fundamental that where a statute may reasonably be interpreted in two ways, the

---

[1] Although petitioner's argument here does not depend on whether he could have filed a consolidated petition for certiorari raising *both* direct appeal and habeas issues within 90 days of February 14, 2008, it is not clear that such a petition would have been untimely as to the issues raised in the direct appeal. The time limits for filing a cert petition are not jurisdictional. (*Taglianetti v. United States* (1969) 394 U.S. 316, n.1) In addition, "in some cases, the actions of a lower court suspend the finality of a judgment ...". (*Limtiaco v. Camacho* (2007) 127 S. Ct. 1413, 1415). Whether the de facto consolidation of petitioner's habeas with his direct appeal, the California Supreme Court's issuance of an order to show cause with regard to Habeas I, and the subsequent proceedings may have acted to extend the time for filing a cert petition is an open question. (see also Supreme Court Practice by Stern, Grossman, Shapiro and Gellar 9th ed. Ch. 6.1 et. seq.)

court should construe it in a manner most favorably to a criminal defendant. This rule is referred to as the "rule of lenity". ( see *United States v. Batchelder* (1979) 442 U.S. 114; *Bell v. United States* (1955) 349 U.S. 810). For example in *Toussie v, United States* (1970) 397 U.S. 112, a "somewhat ambiguous" draft registration statute was construed in favor of a shorter statute of limitations than the prosecution sought because in that case the interpretation that called for an earlier expiration of the limitations period favored the defendant.

Absent any clear legislative intend by Congress that would militate against the interpretation of § 2244 set forth above, this court should rule that under the unique circumstances here, petitioner had 1 year 3 months to file his federal habeas from that the time statutory tolling ceased. In the same manner that equitable tolling is an important safeguard against a "potential for injustice", so is the application of the rule of lenity to the issue presented here. (*Duncan v. Walker* (2000) 533 U.S. 167, 184 (Stevens, J. Concurring)

**B. Even if the Limitations Period in this Case Expired on February 14, 2008, Petitioner is Entitled to Equitable Tolling of the Federal Statute of Limitations**

Even if this Court holds that the time for filing a cert petition is not included in the limitations period which is tolled by a pending state habeas petition, petitioner is entitled to equitable tolling of the 6 days that expired after what would be the last date for filing his federal habeas. As the declaration of Peter F. Goldscheider establishes, petitioner initially never intended to rely on the aforementioned tolling theory. Rather, he intended to file in late January, 2008. It was only because of unforeseen extraordinary events that caused a delay in obtaining information that would support his IFP that resulted in the petition being filed "late". Not only was petitioner diligent in attempting to file by February 14, 2008, and the in forma pauperis application a necessary part of a habeas filing but, in this case, in particular, where costs above and beyond the filing fee may be incurred, essential in presenting to the court a true portrayal of petitioner's economic circumstances.

7

The United States Supreme Court has assumed[2] and the Ninth Circuit has repeatedly held[3] that the equitable tolling doctrine applies in the AEDPA context.

To establish equitable tolling, a litigant must establish two elements: first, that he has been pursuing his rights diligently, and, second, that some extraordinary circumstance stood in his way. (*Pace* 544 U.S. at p. 418; see *Irwin v. Dept of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996). Thus, if "external forces, rather than a petitioner's lack of diligence," account for an understandable failure to comply with a strict statute of limitations, equitable tolling is appropriate. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); see . *Whalem/Hunt v. Early*, 233 F.3d at 1148; *Calderon v. United State Dist. Court (Kelly)*, 163 F.3d at 541).

Although prior to *Pace*, the Ninth Circuit at times stated that the circumstances upon which a petitioner relied in establishing the basis for equitable estoppel would have had to make filing a timely petition impossible, since *Pace,* our circuit has observed that that *Pace* has "lowered the bar somewhat" in establishing the equitable tolling was justified. (See *Espinoza v.*

---

[2] The United States Supreme Court has alluded to equitable tolling in four AEDPA cases. In two cases, concurring opinions pointed out the need for equitable tolling. *Duncan v. Walker*, 533 U.S. 167, 184 (2001)(Stevens, J., concurring); *Pliler v. Ford*, 542 U.S. 225, 235 (2004)(O'Connor, J., and Stevens, J., concurring). In two others, *Pace* itself, 544 U.S. at 418 and *Lawrence* v. *Florida*, 127 S.Ct. 1079, 1085-1086 (2007), the Court rejected equitable tolling arguments but noted that the parties had conceded that equitable tolling doctrine applied to AEDPA. The opinion in *Bowles v. Russell*, 127 S.Ct. 2360 (2007) has no effect here because the habeas statute of limitations, unlike the deadline for filing an appeal, is not jurisdictional. *Day v. McDonough*, 126 S.Ct. 1675, 1681 (2006).

[3] See, e.g., Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006); *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005); *Laws v. LaMarque*, 351 F.3d 919, 919 (9th Cir. 2003); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003); *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2001); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)(en banc); *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998)(en banc)

1  *Matthews* (9th Cir. 2005) 432 F. 3rd 1021, 1026 fn. 5; *Harris v. Carter* (9th Cir. 2008) 515 F. 3rd
2  1051. 1052.) Now, the rule in our circuit is that although it might have been "technically
3  possible" to file the petition, the prisoner was "likely unable to do so". (*Id.* p. 1052.)

4  Applying this standard here, it should be readily apparent that petitioner pursued his
5  rights diligently. Petitioner's so-called "delays" are minor. As will be demonstrated below with
6  regard to the *Saffold* issue, he has never paused for any truly significant period in his attempt to
7  challenge his convictions and sentence. The only time frame at question at all is the 6 day
8  period following February 14, 2008.

9  Although petitioner's habeas petition itself was prepared, signed by petitioner and
10 received by counsel in early January, because of a combination of circumstances, including a
11 prison lockdown and an inexplicable delay in receiving the total of petitioner's assets on his
12 prison account, a document that was already in existence when petitioner requested it, neither
13 he nor counsel could submit the IFP and petition by February 14. Rule 3 of the Rules
14 Governing 2254 Cases requires that the application for in forma pauperis status to be filed at
15 the same time as the petition itself. ("An original and two copies of the petition must be filed
16 with the clerk and *must* be accompanied by ... (2) a motion for leave to proceed in forma
17 pauperis..") In fact, this rule is rigorously enforced by the clerk of the court who informed the
18 undersigned that unless the in forma pauperis application is filed at the same time as the
19 petition, it would not be considered. (See declaration of Peter F. Goldscheider)

20 As both the declarations of petitioner and the undersigned attest, the application was of
21 paramount importance in this case. Pursuant to Rule 6 of the federal Habeas Rules, this court
22 may grant discovery in appropriate cases. A number of factual issues were left unresolved at
23 the state evidentiary hearing, primarily whether petitioner's daughter, the alleged victim,
24 showed signs of physical trauma. Both the deposition of her physician, who was never
25 interviewed by defense counsel, and the production of her medical records, never subpoenaed
26 by trial counsel, yet apparently available to prosecutor, may be sought by petitioner. If such
27 discovery revealed no signs of sexual activity, it would exonerate petitioner entirely. Without in

9

forma pauperis status or having counsel appointed pursuant to 18 U.S.C. § 3006A(g), the costs of this discovery would fall on petitioner's indigent shoulders. (See annotations to Rule 6 and its reference to 28 U.S. C. § 1825 in this regard)

In addition to deposition and transcription fees, IFP status would permit service of process fees and even witness fees to be borne at public expense.(see *Dortley v. Bailey* (M.D. Fla. 1977) 431 F. Supp. 247; *Xanthull v. Beto* (1969) 296 F. Supp. 129; *Brown v. De Filippi* (1989 U.S. Dist. S.D. N.Y. ) 125 F.R. D. 83; FRAP 45 (b)(1)) In addition, such status allows the clerk to provide copies of court pleadings and other documents without charge to a petitioner. (28 U.S.C. § 2250) Finally, the failure to grant a habeas petitioner in forma pauperis status in District Court may adversely affect his application for same on appeal. (See Rule 24 of the FRAP).Hence, the inability to achieve in forma pauperis status impacts far more greatly than the mere $5.00 filing fee.

Whether under the *pre-Pace* standard or under the more liberal standard in effect now, there should be little question that the circumstances present here warrant equitable tolling. There is little difference between a pro se inmate not having access to his legal papers and here petitioner not being able to gain access for over a month, through no fault of his own, to his prison account balance which needed to be attached to the IFP application. That this situation was beyond his control is evident in that he and other inmates routinely are, upon request, routinely provided such information within a week or so. If that were not an extraordinary situation in and of itself, in addition, petitioner had informed the prison authorities the information was necessary for a court filing and yet the processing of his request was inexplicably delayed. (see e.g *Espinoza-Mathews v. People* (9th Cir. 2005) 432 F. 3rd 1021; *Lott v. Mueller* (9th Cir. 2002) 304 F. 3rd 918, 922)

More specifically, in *Miles v. Prunty* (9th Cir. 1999) 187 F. 3rd 1104, 1107, our Circuit applied equitable tolling when prison officials ignored a prisoner's request to draw the filing fee for his petition from his trust account. He further relied on the prison officials to mail his petition to the court which they failed to do. Just as here, the Ninth Circuit found that once he

10

had made his requests, "any delay on the part of prison officials in complying with Miles' instructions was not within Miles' control." (at p. 1107) As to timeliness and due diligence, Miles made his request 17 days before the statute of limitations ran. Here, petitioner made his request 26 days before the deadline respondent claims is applicable.

Even more apropos, since petitioner is represented by counsel, is *Stillman v. LaMarque* (9th Cir. 2003) 319 F. 3rd 1199, 1202. There the court found that the circumstances also warranted equitable tolling where the petitioner's prison counselor, after promising to obtain petitioner's signature on the petition "as soon as it arrived", failed to do so, causing it to be filed late. The court stated, "the litigation coordinator's failure to return the signed petition as promised was an extraordinary circumstance beyond Stillman's control." (*Id.* p. 1202.) Significantly, the court notes that while it was true that Stillman's lawyer could have obtained Stillman's signature and still filed in a timely manner,

> "... and that a more careful lawyer would not have waited until the last minute.... By waiting to the eleventh hour, Stillman's lawyer took a risk that something might go awry. However, the fact remains that the lawyer relied on the prison officials' promise to return the signed petition in time for her to file it before the deadline, a promise the prison officials did not keep. Even if Stillman's lawyer acted negligently, Stillman still is entitled to equitable tolling. One event may have multiple causes. If Stillman's late filing was caused both by Stillman's lawyer's negligence and by prison officials' misconduct, Stillman still is entitled to equitable tolling, since prison officials' misconduct proximately caused the late filing." (*Id.* p.1202-1203)

In other words, if concurrent causes exist for a late filing, one of which is the result of an "impediment" by a prison official, the court should find grounds for equitable tolling notwithstanding the fact that it may still have been possible to file on a timely basis had counsel take ameliorative steps to remedy the prison's actions. (see *Whalem/Hunt v. Early* (9th Cir. 2000)(en banc) 233 F. 3rd 1146, 1148)

In addition, the facts of this case warrant an additional grounds for the exercise of this court's equitable powers. Even when there is no applicable express tolling provision, "... a court in an appropriate case may temper the application of the bar in exercise of its equitable

11

powers." (*Capital Tracing, Inc. V. United States* (9th Cir. 1995) 63 F. 3rd 859, 862) While it is true that an attorney negligence is not an excuse for a late filing, where there is no clear precedent on an issue and a lack of prejudice to the other party, tolling may well be appropriate. (*Id.* p. 862) Whether this court accepts or rejects petitioner's argument that he had 1 year and three months to file his federal habeas from February 14, 2008, the lack of clarity regarding that issue is a factor this court should consider in deciding whether filing the federal habeas at most 6 days late warrants dismissal of this action.

     Finally, it is mere happenstance that February 14, 2008 is the date of the finality of the state court proceedings, from which the statute of limitations begins to run (whether it be one year or one year and three months). Under former California Rule of Court 29.4 ( now renumbered 8.532), a decision of the Supreme Court is final immediately if it is a denial of review of a Court of Appeal decision, but final only after 30 days if it is the denial of an original habeas petition, where as here an order to show cause was granted. Had petitioner filed an original habeas with the Supreme Court (which unlike a petition for review need not have been filed within 40 days from the Court of Appeal denial) instead of filing a petition for review from the denial of Habeas II, it is arguable that the finality of the state court proceedings would have been March 15, 2008. (Cal. Rules 8.260 and 8.500)

     Hence, it is at least ironic if not unfair to penalize petitioner by requiring him to file his federal habeas sooner as a result of his efforts to expedite the state proceedings. In that the Supreme Court in *Evans v. Chavis* (2006) 546 U.S. 189, 200-2001), directed federal courts to conduct their own inquiry into state law and the circumstances surrounding the state post conviction proceedings in order to make a determinations of timeliness, this Court may well consider such an inconsistency as an equitable factor warranting tolling as well.

12

**C. The Interval Between the Order Denying Petitioner's First State Habeas and The Petition for Writ of Habeas Corpus Following Evidentiary Hearing Was Reasonable and Necessary**

Respondent contends that the interval of 137 days from the date the superior court denied the writ following the evidentiary hearing to the time petitioner filed his Habeas II was unreasonable and hence that time period is not entitled to statutory tolling. Respondent's position does not reflect the actual facts nor the state of the law. Rather, because petitioner was diligently pursuing his legal remedies and the single interval in question was completely necessary and hence reasonable, and because his petitions were timely under California law, he is entitled to interval tolling for that time period. (*Evans v. Chavis* supra. 546 U.S. 189, 200-201)

Under California's writ procedure, an order of the superior court denying a habeas petition is non-appealable. Rather, a state prisoner must file a new habeas petition in the court of appeal. (See *In re Reed* (1983) 33 Cal. 3rd 914; *Nino v. Galaza* (9th Cir. 1999) 183 F. 3rd 1003, 1006) Generally, the "statute of limitations is tolled from the time the first state habeas is filed until the California Supreme Court rejects the final collateral challenge." (*Id.* p. 1006), as long as petitioner did not unreasonably delay in pursuing relief. (*Carey v. Saffold* (536 U.S. 214, 225.)

One test of whether the state petition was timely is whether the state court's order denying the writ was denied on timeliness grounds. If it was, it is deemed not "properly filed" for purposes of § 2244 (d). (*Pace* supra. 544 U.S. at p. 414.) Here, respondent does not contend that petitioner's Habeas II was so denied and, in fact, it was not. The Court of Appeal denied the petition without comment, an act that has been commonly interpreted to mean that the case was decided on the merits rather than on a procedural default rule.  See *Miller v. Rowland,* 999 F.2d 389, 391 (9th Cir. 1993); *Hunter v. Aispuro*, 982 F.2d 344, 347-348 (9th Cir. 1992).  While *Evans v. Chavis* holds that such a sub silentio ruling is not sufficient to be a "clear indication"

that a particular application was timely or untimely,[4] the inference of this action by the California court supports petitioner's assertions. The state court of appeals implicitly found the writ timely.

*Carey v. Saffold*, issued in June 2002, was remanded by the Supreme Court to determine whether Saffold's four and one-half month interval, one day more than the interval in question here, was reasonable and the petition timely. The Ninth Circuit concluded it was.

In January, 2006, the Supreme Court issued its decision in *Evans v. Chavis* supra. 546 U.S. 189, 200-2001, in which, as already noted, the Court directed federal courts to conduct their own inquiry into state law and the circumstances surrounding the state post conviction proceedings in order to make a determination if the state petition was timely. Because of the "uncertain scope" of California law, referring to the lack of appeal process in collateral matters, the Supreme Court admitted that task "may not be easy". (*Id.* at p. 299) Fortunately, for this court the determination here is as "easy" as it gets, given the obvious nature of the reason for the "delay", the fact that Habeas II was filed 56 days after the transcript of the evidentiary was completed, not even taking into consideration the inevitable delay in petitioner receiving a copy of it from the court reporter, as well as California law on the issue of diligence.

Under California law, a petitioner must "explain and justify any significant delay in seeking habeas corpus relief." *In re Clark*, 5 Cal.4th 750, 765 (1993). Even if there has been substantial delay, the claims in the petition will be considered on the merits if "the petitioner can demonstrate 'good cause' for the delay." *In re Robbins,* 18 Cal.4th 770, 805 (1998). As explained in *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003):

> The California . . . untimeliness rule requires that a petitioner in a habeas corpus proceeding justify any substantial delay in seeking relief. [Citations omitted] . . . Significant, unjustified delay in presenting habeas corpus claims to California state courts will bar consideration of the merits of the claims.

---

[4] 546 U.S. at 197-198.

14

This timeliness rule is, importantly, an equitable doctrine of procedural default rather than a strict time limit akin to a statute of limitations. Especially in non-capital cases, it is loosely defined and indeterminate in nature. As Justice Kennedy noted in his opinion in *Carey v. Saffold*, "This equitable concept is designed to be flexible, and it allows California courts to correct miscarriages of justice, even those which happened long ago." 536 U.S. at 235 (dis. opn. of Kennedy, J.). California has chosen to promulgate an indeterminate diligence principle and the state courts have declined to convert this flexible procedural guideline into a time limit:

> [N]o such limitation has been imposed or is contemplated. We do no more than apply the well-established rule that any substantial delay in seeking relief by petition for writ of habeas corpus must be explained and justified. This rule cannot fairly be analogized to a statute of limitations.

*In re Clark*, 5 Cal.4th at 795 n. 30; see also *In re Harris*, 5 Cal.4th 813, 827-828 (1993).

It is true that California cases do not distinguish between overall delay and interval delay in the way that the opinions in *Evans v. Chavis* and *Saffold v. Carey* seem to prefer. But such is the nature of the California state habeas proceeding. The California habeas proceeding is purposely and consciously unconstrained by time limits. California has made the judgment that its state habeas proceeding, a "precious safeguard of personal liberty," should be an equitable, flexible remedy, avoiding strict limiting rules so that it may "yield to exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *In re Bell*, 19 Cal.2d 488, 493 (1942). And this is the doctrine that this Court -- under the *Evans v. Chavis* directive to assess "what the state courts would have held in respect to timeliness" -- must apply.

As the declaration of Peter F. Goldscheider attests and the respondent's description of the procedural history corroborates, Habeas II was essentially an appeal of the decision of the Superior Court denying the writ. As the petition filed with this Court shows, numerous witnesses testified at the evidentiary hearing and new evidence was elicited, upon which the Superior Court made both factual and legal findings. It would have been an exercise in futility to present Habeas II to the Court of Appeal without a transcript of the hearing. In addition, it

would have also have been a violation of the California rules of court which require a certified copy of any evidentiary hearing to accompany the writ. (Rule 8.384, formerly Rule 60.5) If Habeas II had been filed without the transcript the state court of appeal would inevitably deferred consideration and requested it. (See Rule 8.380 (b), formerly Rule 60)

     Petitioner's counsel has not found a single California case where even an unexplained four and one half month "delay" was deemed unreasonable, let alone one where a petitioner was prevented from filing his habeas because he could not obtain a transcript. Significantly, respondent has not produced one either. In *Evans*, the Supreme Court was confronted with a situation where the petitioner had not given any reason for his inactivity, a six month period that was "totally unexplained, hence unjustified". (*Id.* p. 200) Here, in contrast, the interval is much shorter, and it is both explained and justified. ( See  *Roeung v. Felker*, 484 F.Supp.2d 1081, 1084-1085 (C.D.Cal. 2007)(6 month interval reasonable given the complexity of the case, and the need to obtain transcripts of proceedings); *Tyler v. Lee*  (4th Cir. 1999) (transcripts unavailable); 186 F. 3rd 557 *Osumi v. Giurbino*, 445 F.Supp.2d 1152, 1158-1159 (C.D. Cal. 2006)(96 and 98 day intervals "not unreasonable given the lengthy briefs petitioner filed"); compare *Culver v. Department of Corrections,* 450 F.Supp.2d 1137, 1140-1141 (C.D.Cal. 2006)(intervals of 97 and 71 days unreasonable because they were "unexplained" and "unjustified"). Whether under the *Saffold* standard or the *Evans* rules, petitioner is entitled to interval tolling because he was diligently pursuing his habeas remedies.

     Finally, even if interval tolling were unavailable to petitioner, he would still be entitled to equitable tolling in that he had no control over the fact that the court reporter was unable to produce the transcript for three months following the order denying the writ was issued by the superior court.  As discussed above, under the doctrine of equitable tolling, petitioner must establish that he has been pursuing his rights diligently, and  that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418; see *Irwin v. Dept of Veterans Affairs*, supra. 498 U.S. at 96. Clearly here, "external forces, rather than a petitioner's lack of diligence," resulted in petitioner not being able to file Habeas II any sooner than he did. Under these

16

circumstances equitable tolling is appropriate. ( *Miles v. Prunty*, supra.187 F.3d at p. 1107); see also *Mendoza v. Carey* (9th Cir. 2006) 449 F, 3rd 1065, 1069 where denial of access to transcripts was suggested as a basis for equitable tolling)

Under any interpretation of Supreme Court precedent, the law of this circuit or California law itself, petitioner was diligent and Habeas II could not have been filed any sooner than it was. Respondent can offer no legitimate argument that the reason it took 137 days from the time the superior court denied the writ to the filing of Habeas II in the Court of Appeal was not justifiable.

## CONCLUSION

The only delay legitimately in question here are the six days that passed following the one year anniversary of the California Supreme Court's denial of petitioner's final petition for review. Petitioner contends he had 1 year and three months to file his federal habeas which includes claims from his direct appeal. Under this proposed interpretation of § 2244, he would have had until May 20 to file. Petitioner did not rely on that theory, however, for the reason he filed when he did. He intended all along to file by February 14, 2008. He was prevented, however, by forces beyond both his control and that of his attorney. The impediments placed upon his timely filing by prison conditions and prison personnel warrant the application, at the very least, of equitable tolling for the six days in question. The impediments placed upon his obtaining the document necessary to complete his writ petition delayed a timely filing for at least that long. (See *Corjasso v. Ayers* (9th Cir. 2002) 278 F. 3rd 874.)

Dated: August 25, 2008

Respectfully Submitted


_____/s/_____
Peter F. Goldscheider



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT   F I L E D

OCT 1 - 2004

Court of Appeal - Sixth App. Dist.

By_____
                   DEPUTY

| | |
|---|---|
| In re DAVID LOUIS COSTELLA, | No. H027157 |
| | (Santa Clara County |
| on Habeas Corpus. | Super.Ct.No. CC246905) |

BY THE COURT:

The petition for writ of habeas corpus is denied, the denial to become effective upon the finality of our decision on defendant's appeal. (See Cal. Rules of Court, rule 24(b)(4).)

(Rushing, P.J., Premo, J., and Walsh, J.* participated in this decision.)

Dated  OCT 1 - 2004          RUSHING, P.J.          P.J.

---

*Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.