1    **PETER F. GOLDSCHEIDER**
          **Attorney at Law**
2    438 Cambridge Avenue Suite 250
     Palo Alto, CA 94306
3    650-323-8296
     State Bar Number 53617
4

5

6                    **IN THE UNITED STATES  DISTRICT COURT**

7            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9    **DAVID LOUIS COSTELLA**           )
                                        )
10              **Petitioner,**         )   No.  C 08-1010 PJH (PR)
                                        )
11        **-vs-**                      )
                                        ) **DECLARATION OF**
12   **KENNETH CLARK, Warden, and**     ) **PETER F. GOLDSCHEIDER IN OPPOSITION**
     **CALIFORNIA DIRECTOR OF**         ) **TO MOTION TO DISMISS**
13   **CORRECTIONS et. al**             )
                                        )
14              **Defendant.**          )
                                        )
15   _____)

16

17          I, Peter F. Goldscheider hereby declare:

18          I am the attorney for the petitioner in the above entitled action. I was initially retained by

19   petitioner's father to represent petitioner in his direct appeal from his conviction in state court.

20   During the investigation of his appeal, it became apparent that a meritorious claim of

21   ineffective counsel was available to petitioner based on the complete lack of investigation

22   performed by his trial counsel and the resulting prejudice to petitioner's right to a fair trial.

23   Under California law, and because the basis for this claim were not completely apparent from

24   the trial record, this issue needed to be raised via a petition for writ of habeas corpus.

25          Petitioner now argues that, because of the unique situation in which the time to file a

26   federal habeas from issues stemming from his direct appeal was tolled per 28 U.S.C. § 2244(d)

27   from the very beginning of the proceedings, including from the date the petition for review

28   from the direct appeal was denied, the recent United States Supreme Court case of *Lawrence v.*

*Florida* is not controlling. Nevertheless, it was always the intent of the undersigned to file the instant petition on or before February 14, 2008, the one year anniversary of the denial of our petition for review from the denial of the Petition for Habeas Corpus Following Evidentiary Hearing. (State Habeas II). I so informed petitioner in my letter of December 24, 2006, which I sent him on that date enclosing the completed petition for writ of habeas corpus as well as an in forma pauperis petition ("IFP") for his signature. (Exhibit C) Although I received the signed petition from petitioner within a week or so (which is dated December 31, 2007), I learned through a friend of petitioner with whom he was in telephonic contact, that because of prison conditions to which I cannot attest from personal knowledge, he had been unable to secure an accounting from the prison of his financial condition.

Although I had been retained, petitioner was at all times and still is clearly indigent. He father was ill, retired and not a wealthy man. Because I believe that the allegations of the petition were meritorious and petitioner likely innocent of the charges of which he had been convicted, I have been billing Mr. Costella Sr., at a greatly reduced rate of compensation, essentially by not billing for many hours actually spent in representation of petitioner. I believed that in forma pauperis status not only would accurately have reflected his situation, but more importantly I was greatly concerned with potential costs of litigation that could be incurred in this action if an order to show cause were granted. The filing fee was minimal; however, during the course of the state proceedings a number of factual question underlying his conviction remained unanswered which may warrant discovery being ordered by the court in this case. Mostly importantly, testimony presented at the evidentiary hearing in state court revealed that possible medical records of the alleged victim existed which could prove to be extraordinarily exculpatory and which were never sought by petitioner's trial attorney. If discovery were ordered by this court, there could be costs of service of process, document fees and other fees associated with either the production of those records. In addition, trial counsel had never sought to interview the alleged victim's physician, who provided potentially exculpatory information to the prosecutor. It may well be appropriate for this Court to order the

2

1  deposition of that individual. I believed that without in forma pauperis status the costs

2  associated with such discovery could be prohibitive. The lack of in forma pauperis status in

3  District Court would also impact on petitioner being able to claim that status on appeal, if that

4  became necessary.

5      In addition, I feared that without such an application this court would assume that

6  petitioner was a person of means merely because private counsel was filing on his behalf.

7  Further, I learned from the clerk of the court that such application needed to be presented at the

8  time of filing, and if filed late, would likely not be granted. Indeed, when I finally received it

9  from petitioner and was able to file it, along petitioner's prison accounting, despite the fact that

10 it clearly indicated petitioner's indigency, it was denied by this Court. Should this Court deny

11 the motion to dismiss, my intent would be to renew that application.

12      Therefore, on February 14, 2008, the one year anniversary of the date of the denial of

13 petitioner's last petition for review, after still not receiving petitioner's IFP and accounting, I

14 made the decision to defer filing the petition until petitioner provided me the completed

15 application, which I believed would arrive within a few days. By February 20, however, I still

16 had not received it and was informed by petitioner's friend that petitioner was having some

17 difficulty receiving his accounting. At that time, although I had come to believe that petitioner

18 had 1 year and 3 months to file, given the uncertainties of that issue and reliance on the

19 doctrine of equitable tolling, I was concerned that the longer we delayed in the filing of the

20 petition, the more difficult it would be to rely on that latter doctrine to excuse a late filing.

21 Therefore, despite my aforementioned concerns about the costs of litigation, I made the

22 decision to file the petition without the IFP.

23      With regard to the *Saffold* (*Carey v. Saffold* (2002) 536 U.S. 214) issue, the facts are as

24 follows: the evidentiary hearing ordered by the California Supreme Court was completed after

25 a three plus day hearing on December 23, 2006. The Superior Court issued its order denying

26 the hearing on April 22, 2006. We immediately ordered a transcript of the proceedings.

27 Because the issue of ineffective assistance of counsel in this case is so factually based, in order

28

1  to have the Court of Appeal review the order of the Superior Court, for a number of reasons, it

2  was absolutely essential that that court be provided the evidence adduced at the evidentiary

3  hearing. First, the order of the Superior Court made reference to the evidence in support of

4  various findings; second, in the view of the undersigned, contrary to that court's determination,

5  demonstrable evidence of ineffective counsel had been established at the hearing and had, in

6  fact, been conceded by trial counsel; third, due to California's system of review, a new habeas

7  petition was the only method of seeking review by the Court of Appeal. ( see accompanying

8  memorandum of law) Without a transcript, that Court would have had no additional record by

9  which to make the determination of facts as ordered by the California Supreme Court.

10       Unfortunately, as the attached letter of Susan Vaughn, the reporter who reported most of

11  the proceedings, attests she was unavailable to prepare the completed transcript between April

12  13 and June 16, 2006. She did not begin the transcript until June 29 and did not provide it to

13  the undersigned's representative until the middle of July. Although her statement indicates she

14  delivered it "on approximately July12", in fact the certificate of completion attached here to

15  indicates it was completed only on July 16. (Exhibits D and E) The Petition for Writ of Habeas

16  Corpus Following Evidentiary Hearing was filed with the State Court of Appeal on September

17  11, 2006, Even assuming that the transcript was received by the undersigned the same day it

18  was completed, the state habeas was filed 57 days thereafter. Hence, it was timely filed under

19  any interpretation of *Saffold.*

20       I hereby attest that I have on file petitioner's holographic signature on his declaration

21  indicated by a "conformed signature" (/s/) submitted in opposition to the pending motion.

22       I declare under penalty of perjury that the foregoing is true and correct as executed in

23  Palo Alto, California.

24       Dated: August 21, 2008

25

26                    _____/s/_____
                      Peter F. Goldscheider

27

28
                              4