1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JILL M. THAYER, State Bar No. 166428
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5954
     Fax:  (415) 703-1234
8    Email: jill.thayer@doj.ca.gov

9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID LOUIS COSTELLA,<br><br>                                    Petitioner,<br><br>         v.<br><br>KENNETH CLARK, Warden, and CALIFORNIA DIRECTOR OF CORRECTIONS AND REHABILITATION,<br><br>                                    Respondent. | C 08-1010 PJH (PR)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY** |

Petitioner contends that he was entitled to file his federal habeas petition one year and 90 days after the California Supreme Court denied review of the California Court of Appeal's denial of his petition for writ of habeas corpus after an evidentiary hearing, that even if not entitled to the extra 90-day period, he is entitled to equitable tolling due to the delay in receiving documentation of his prison trust account in support of his application to proceed in forma pauperis, and that he is entitled to statutory tolling for the 137-day gap between the denial of his petition in the superior court and the filing of a new petition in the California Court of Appeal

because a court reporter delayed providing a transcript to his attorney. Petitioner has failed to establish that he is entitled to statutory tolling for the 90-day period to petition for certiorari in the United States Supreme Court after the denial of collateral relief, or for the 137-day interval between levels of state habeas review, or to equitable tolling for the delay in receiving documentation of his trust account.

> **A. Petitioner Is Not Entitled To Statutory Tolling For The 90-day Period To File A Petition For Certiorari After The California Supreme Court Denied Review of the Denial of His Petition For Writ Of Habeas Corpus**

Petitioner contends that the statute of limitations did not commence when the judgment became final because a petition for habeas relief was pending at the time. Opp. at 4-5. Pursuant to U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for the filing of a federal habeas petition commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Accordingly, the limitations period in the present case commenced on March 15, 2005, or 90 days after the California Supreme Court denied review on petitioner's direct appeal. Mot to Dismiss at Ex. 1; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Time was not immediately counted toward the limitations period in the present case because a state habeas petition was pending when the judgment became final. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." U.S.C. § 2244(d)(2). A state postconviction application for relief is pending only during the state's postconviction procedures. *Lawrence v. Florida*, 127 S.Ct. 1079, 1083 (2007). "State review ends when the state courts have finally resolved an application for state postconviction relief." *Id.* Accordingly, tolling for state collateral review does not include the 90-day period in which to petition for certiorari.

Petitioner contends the California Court of Appeal consolidated his direct appeal and petition for writ of habeas corpus on October 1, 2004, when it denied his direct appeal, pursuant to former California Rule of Court 24(b)(2). Opp. at 2. Former California Rule of Court 24(b)(2),

1  now renumbered California Rule of Court 8.264(b)(2), provided as follows:

> A Court of Appeal decision denying a petition for writ of habeas corpus without issuing an order to show cause is final in that court on the same day that its decision in a related appeal is final if the two decisions are filed on the same day. If the Court of Appeal orders rehearing of the decision in the appeal, its decision denying the petition for writ of habeas corpus is final when its decision on rehearing is final.

Former California Rule of Court 29(b)(4) does not provide for the consolidation of direct appeals and petitions for writ of habeas corpus, but merely coordinates the date of finality as to each case. In the present case, when the California Court of Appeal denied the petition for writ of habeas corpus on October 1, 2004, it merely delayed finality of that decision until the direct appeal became final. The petitions for writ of habeas corpus have always been separate proceedings.

Petitioner contends that since California Supreme Court denials of original habeas petitions with the issuance of an order to show cause are final after 30 days while denials of petitions for review are final on filing, it is unfair to penalize him for seeking review in the California Supreme Court rather than filing an original petition. Opp. at 12. Petitioner's assertion is incorrect. Since at least January 1, 2003, both California Supreme Court denials of petitions for review and denials of original habeas petitions without issuance of an order to show cause are final on filing. Cal. Rule of Court 8.532(b)(2)(A) & (C) and former Cal. Rule of Court 29.4(b)(2)(A) & (C). Moreover, while the California Supreme Court granted review and ordered the California Court of Appeal to issue an order to show cause on petitioner's initial habeas petition, no order to show cause was issued on the writ filed after the evidentiary hearing. Accordingly, had petitioner filed an original petition in the California Supreme Court, its denial would have been final on filing just as the denial of his petition for review was final on filing. Accordingly, petitioner is not entitled to statutory tolling for the 90-day period to seek certiorari after the California Supreme Court denied review of the denial of his habeas petition on February 14, 2007.

**B.   Petitioner Is Not Entitled To Statutory Tolling For The Unreasonable Delay Between Levels Of State Habeas Proceedings**

Petitioner contends he is entitled to statutory tolling for the 137-day period between the superior court's denial of his habeas petition after the evidentiary hearing on April 22, 2006 and the

1 filing of his petition for writ of habeas corpus in the California Court of Appeal on September 11,
2 2006. Opp. at 13-17. As discussed in respondent's moving papers, delays substantially longer than
3 60 days are unreasonable in California. Motion to Dismiss at 3-4; *see also Livermore v. Watson*,
4 556 F.Supp.2d, 1112, 1120 (78-day delay unreasonable).

Petitioner contends the California Court of Appeal's silent denial of his petition implies that it found his writ timely. Opp. at 13-14. The United States Supreme Court has clearly stated that a silent denial does not necessarily indicate that the state court determined the petition was timely. *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006).

Petitioner contends his delay was not unreasonable due to a court reporter's delay in providing the transcripts of the evidentiary hearing. Opp. at 16-17. A petitioner may be entitled to gap tolling if he demonstrates that his delay was justified. *Evans*, 546 U.S. at 201 (unexplained, unjustified delay unreasonable); *Roeung v. Felker*, 484 F.Supp.2d 1081, 1084-86 (C.D. Cal. 2007) (6-month delay justified where pro se petitioner's trial record consisted of 82 volumes of reporter's transcript and 15 volumes of clerk's transcript, proceedings were factually and legally complex, trial counsel provided no assistance, and prison locked down for six weeks).

In the present case, current counsel has represented petitioner throughout his direct appeal and habeas proceedings. Goldscheider Dec. at 1; Ex. 1. Mr. Goldscheider also represented petitioner at the evidentiary hearing. Ex. 2. Accordingly, petitioner's counsel was aware of the factual and legal basis for the petition to be filed in the California Court of Appeal from the moment the superior court denied the petition after the evidentiary hearing. Moreover, the transcript that was delayed was from only the last day of the three-day hearing and constituted only 82 pages. Goldscheider Dec. at Exs. D & E. Finally, petitioner's attorney concedes that he waited an additional 57 days after he had the transcripts to file the petition in the California Court of Appeal. For all of these reasons, the 137-day delay is unjustified.

### C. Petitioner Is Not Entitled To Equitable Tolling While Seeking Documentation To Support His In Forma Pauperis Application

Even if petitioner is entitled to statutory tolling until the California Supreme Court denied his state petition for writ of habeas corpus on February 14, 2007, he is not entitled to equitable tolling until he filed his petition on February 20, 2008, six days after the one-year period expired.[1]

Assuming that AEDPA's statute of limitations may be equitably tolled, it is available "only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005), quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must show that the extraordinary circumstances caused the untimeliness. *Spitsyn v. Moore*, 345 F.3d at 799.

Petitioner contends that his difficulty obtaining documentation of his prison trust account in support of his in forma pauperis application constitutes an extraordinary circumstance causing the untimeliness. Opp. at 7-12. Petitioner's contention is belied by the fact that he did not file his in forma pauperis application until after he filed his petition. *Felder v. Johnson*, 204 F.3d 168, 171 n.9 (5th Cir. (2000)) (filing petition before lifting of alleged impediment demonstrates impediment did not prevent filing). The application was filed on March 3, 2008. Docket at 3.

Notably, this Court denied the application due to petitioner's income and trust account balance. Docket at 5. An application to proceed in forma pauperis will be denied if the petitioner's trust account balance exceeds the $5 filing fee. *United States ex rel. Barnes v. Gilmore*, 968 F.Supp.

---

1. Nor is petitioner entitled to equitable tolling for his attorney's mistake in calculating the limitations period. *Lawrence v. Florida*, 127 S.Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel); *Miranda v. Castro*, 292 F.3d 1063, 1066-1067 (9th Cir. 2002) (attorney wrote letter to petitioner stating wrong due date for federal habeas petition); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney miscalculated deadline for statute of limitations).

Reply to Oppo. to Motion to Dismiss Habeas Corpus Pet. as Untimely         Costella v. Kenneth Clark, Warden
                                                                            C 08-1010 PJH (PR)

1  384 (N.D. Ill. 1997). Petitioner has failed to demonstrate that the lack of documentation of his trust account balance in support of his meritless in forma pauperis application was an extraordinary circumstance that prevented timely filing.

In addition, petitioner concedes that he received his attorney's instructions regarding the in forma pauperis application by December 31, 2007, yet waited until January 17, 2008, to request the account statement. Costella Dec. at 2. Accordingly, petitioner has not demonstrated that he pursued his rights diligently.

Petitioner contends his in forma pauperis application was important because he is indigent and will have to pay for discovery if this Court grants it. Opp. at 9-10. This Court has determined that petitioner is not indigent. Docket at 5. In addition, petitioner may request to proceed in forma pauperis during the pendency of the action. Commentary to Civil Local Rule 3-10. Finally, an evidentiary hearing will not be held where the petitioner failed to develop the factual basis of his claim in the state court proceedings. U.S.C. § 2254(e)(2). "For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Petitioner was required to develop the record while he had the opportunity at the evidentiary hearing in state court.

## CONCLUSION

Accordingly, respondent respectfully requests that this Court dismiss the petition with prejudice.

Dated: September 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Jill M. Thayer
JILL M. THAYER
Deputy Attorney General
Attorneys for Respondent

20137299.wpd
SF2008400795

**EXHIBIT 1**

*11/3/2003*

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | No. H025751 |
| Plaintiff and Respondent, | SANTA CLARA County Superior Court No. CC246905 |
| -vs- | APPELLANT'S OPENING BRIEF |
| DAVID LOUIS COSTELLA, | |
| Defendant and Appellant | |

SUPERIOR COURT OF SANTA CLARA COUNTY NUMBER
THE HONORABLE RICHARD LOFTUS

APPELLANT'S OPENING BRIEF

*761 ess*
*BOX*
*NOV — 2003*
*SF20030A0708*
*6/17/03*

Peter F. Goldscheider
State Bar Number 53617
2501 Park Boulevard, Suite 201
Palo Alto CA 94306
(650) 323-8296

Attorney for Appellant

*Incorrect address should be:*
*438 Cambridge Ave.*
*Suite 250*
*Palo Alto CA 94306*

Thayer, J.

DOCKETED
SAN FRANCISCO
MAR 2 5 2004
By E. TOLENTINO
No. SF2003PA

0708

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) No. H025751 |
| Plaintiff and Respondent, | ) SANTA CLARA ) County Superior Court ) No. CC246905 |
| -vs- | ) |
| DAVID LOUIS COSTELLA, | ) APPELLANT'S REPLY BRIEF |
| Defendant and Appellant | ) |

SUPERIOR COURT OF SANTA CLARA COUNTY NUMBER
THE HONORABLE RICHARD LOFTUS

APPELLANT'S REPLY BRIEF

Peter F. Goldscheider
State Bar Number 53617
438 Cambridge Ave., Suite 250
Palo Alto  CA  94306
(650) 323-8296

Attorney for Appellant

B

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF   )
CALIFORNIA,                  )
                             ) No.
                             )
    Plaintiff/Respondent,    )
                             )
-vs-                         )
                             )
DAVID LOUIS COSTELLA,        )
                             )
    Defendant/Appellant.     )
_____)

DOCKETED
SAN FRANCISCO
NOV 0 4 2008
By C. VELASCO
No. S F 2 2 0 3 0 4 0 7 0 8

Petition For Review From Opinion Of The Sixth District Court of Appeals, H025751
Following The Appeal from the Judgment of the Superior Court
of the State of California for the County of Santa Clara, CC246905

Honorable Richard Loftus, Presiding

<u>PETITION FOR REVIEW</u>

Peter F. Goldscheider
State Bar Number 53617
438 Cambridge Avenue, Suite 250
Palo Alto CA 94306
(650) 323-8296

Attorney For Appellant


DOCKETED
SAN FRANCISCO
MAR 1 1 2004
BY D. VELASCO
No. SF26635#002

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLANT DISTRICT

| | |
|---|---|
| In re: | NO. |
| DAVID LOUIS COSTELLA, | Appeal No. H025751 |
| On Habeas Corpus | Rel. No. CC246905 |

## PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Peter F. Goldscheider
State Bar Number 53617
438 Cambridge Ave., Suite 250
Palo Alto CA 94306
(650) 323-8296

Attorney for Petitioner



# IN THE SUPREME COURT THE STATE OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | NO. |
| | ) | |
| DAVID LOUIS COSTELLA, | ) | Habeas No. H025751 |
| | ) | |
| On Habeas Corpus | ) | Rel. No. CC246905 |
| | ) | Santa Clara County |
| | ) | |

Petition For Review From Denial Of Petition For Writ Of Habeas Corpus By The Sixth District Court of Appeal, H025751
Following The Conviction and Judgment of the Superior Court
of the State of California for the County of Santa Clara, CC246905

Honorable Richard Loftus, Presiding

<u>PETITION FOR REVIEW</u>

Peter F. Goldscheider
State Bar Number 53617
438 Cambridge Avenue, Suite 250
Palo Alto  CA  94306
(650) 323-8296

Attorney For Appellant

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLANT DISTRICT

| | |
|---|---|
| In re: ) | NO. |
| ) | |
| DAVID LOUIS COSTELLA, ) | Direct Appeal No. 8025751 |
| ) | Related Habeas No. 8027157 |
| On Habeas Corpus ) | Appeal No. H025751 |
| ) | Superior Ct. No. CC246905 |

PETITION FOR WRIT OF HABEAS CORPUS FOLLOWING
EVIDENTIARY HEARING AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

SUPERIOR COURT OF SANTA CLARA COUNTY
THE HONORABLE LINDA R. CONDRON

Peter F. Goldscheider
State Bar Number 53617
438 Cambridge Ave., Suite 250
Palo Alto  CA  94306
(650) 323-8296

Attorney for Petitioner

IN THE SUPREME COURT THE STATE OF CALIFORNIA

In re:                              )   NO.
                                    )   Related Sup. Ct. No. S129092
DAVID LOUIS COSTELLA,               )   Habeas No. H030614
                                    )   Related Habeas No. H027157
On Habeas Corpus                    )   Santa Clara County No. CC246905
_____)

Petition For Review From Denial Of Petition For Writ Of Habeas Corpus
Following Evidentiary Hearing By The Sixth District Court of Appeal
Following The Conviction and Judgment of the Superior Court
of the State of California for the County of Santa Clara

Honorable Linda R. Condron, Presiding

### PETITION FOR REVIEW

Peter F. Goldscheider
State Bar Number 53617
438 Cambridge Avenue, Suite 250
Palo Alto CA 94306
(650) 323-8296

Attorney For Petitioner

# EXHIBIT 2



```
 1              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                    IN AND FOR THE COUNTY OF SANTA CLARA
 3                 BEFORE THE HONORABLE LINDA R. CONDRON, JUDGE
 4
 5                                   ---oOo---
 6
 7    In the matter of
 8          DAVID LOUIS COSTELLA,              No.   CC246905
 9    On habeas corpus.
10    _____/
11
12                                   ---oOo---
13
14                    REPORTER'S TRANSCRIPT OF PROCEEDINGS
15                        Held on December 19, 2005
16
17
18
19
20
21                            A P P E A R A N C E S:
22    FOR THE PLAINTIFF/RESPONDENT:     MARGO SMITH
                                        DEPUTY DISTRICT ATTORNEY
23
24    FOR THE DEFENDANT/PETITIONER:     PETER GOLDSCHEIDER
                                        ATTORNEY AT LAW
25
26    REPORTED BY:                      CINDI M. JOHNSON, CSR
                                        CERTIFICATE NO. 10125
27
28
```

COPY 173

```
 1            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                IN AND FOR THE COUNTY OF SANTA CLARA
 3             BEFORE THE HONORABLE LINDA R. CONDRON, JUDGE
 4
 5                              ---oOo---
 6
 7   In the matter of
 8       DAVID LOUIS COSTELLA,              No.    CC246905
 9   On habeas corpus.
10   _____/
11
12                              ---oOo---
13
14              REPORTER'S TRANSCRIPT OF PROCEEDINGS
15                    Held on December 20, 2005
16
17
18
19
20
21                        A P P E A R A N C E S:
22   FOR THE PLAINTIFF/RESPONDENT:    MARGO SMITH
                                      DEPUTY DISTRICT ATTORNEY
23
24   FOR THE DEFENDANT/PETITIONER:    PETER GOLDSCHEIDER
                                      ATTORNEY AT LAW
25
26   REPORTED BY:                     CINDI M. JOHNSON, CSR
                                      CERTIFICATE NO. 10125
27
28
```

328

```
 1              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                      FOR THE COUNTY OF SANTA CLARA
 3                  HON. LINDA R. CONDRON, DEPARTMENT 25
 4                              -- oOo --
 5
    PEOPLE OF THE STATE OF CALIFORNIA,    )
 6                                        )
                    People/Respondent,    )
 7  vs.                                   )  No. CC249605
                                          )
 8  DAVID LOUIS COSTELLA,                 )
                                          )
 9                  Defendant/Petitioner. )
                                          )
10
11                              -- oOo --
12                REPORTER'S TRANSCRIPT OF PROCEEDINGS
13       WRIT OF HABEAS CORPUS PROCEEDING, VOLUME 2, PAGES 328-410
14                       FRIDAY, DECEMBER 23, 2005
15                              -- oOo --
16
17                             APPEARANCES:
18
19  For PEOPLE/RESPONDENT:
20      Office of the District Attorney for the
        County of Santa Clara, State of California
21      By:  MARGO D. SMITH, Deputy District Attorney
22  For DEFENDANT/PETITIONER:
23      By:  PETER F. GOLDSCHEIDER, Attorney at Law
24  Also Present:  NICK LOPEZ, Investigator for Petitioner
                   ANDREA MORELAND, Investigator for Respondent
25
26                              -- oOo --
27                    Susan Vaughan, CSR #9673
28
```

SUSAN VAUGHAN, CSR NO. 9673, RPR, CRR