UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID LOUIS COSTELLA,

    Petitioner,

    v.

KENNETH CLARK, Warden,

    Respondent.
_____/

No. C 08-1010 PJH

**ORDER DENYING MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE**

    Petitioner David Costella ("Costella"), a California prisoner, filed a federal habeas petition on February 20, 2008. On June 17, 2008, the state filed a motion to dismiss Costella's petition as untimely. Costella filed an opposition along with declarations in support of his opposition, and the state filed a reply. Having considered the parties' papers and the relevant legal authority, the court DENIES the state's motion.

**BACKGROUND**

    On January 10, 2003, a Santa Clara County Superior Court found Costella guilty of continuous sexual abuse of a child under fourteen years old and of lewd and lascivious acts with a child under fourteen years old pursuant to California Penal Code §§ 288.5(a) and 288(a). On March 14, 2003, the court sentenced Costella to eighteen years in prison.

    Costella subsequently timely filed both a direct appeal and habeas petition with the California Court of Appeal. On October 1, 2004, the state appellate court affirmed Costella's conviction and denied habeas relief. Costella then petitioned the California Supreme Court for review of the California Court of Appeal's decisions. On December 15,

2004, the California Supreme Court denied review of Costella's direct appeal, but on January 12, 2005, granted review of the California Court of Appeal's denial of the writ of habeas corpus. In that order, the state supreme court directed the California Court of Appeal to vacate its order denying habeas relief, and to issue an order to show cause why Costella was not entitled to relief based on his claims that his trial counsel was ineffective for failing to conduct an investigation into the credibility of the minor victim, and for failing to investigate and present lay and expert testimony establishing that Costella did not exhibit sexually deviant personality characteristics. That order to show cause was returnable before the Santa Clara County Superior Court.

Subsequently, on August 10, 2005, the trial court issued an order for an evidentiary hearing to resolve the following three factual disputes: (1) Costella's living arrangements at the time his daughter, the minor victim, was allegedly molested; (2) whether Costella directed his trial counsel not to interview his ex-girlfriends as potential witnesses; and (3) the impact of trial counsel's failure to investigate and present expert testimony regarding Costella's lack of sexually deviant personality characteristics. In December 2005, the court held a three-day evidentiary hearing, at which approximately ten witnesses testified. On April 27, 2006, the superior court issued a ten-page written order denying habeas relief following the evidentiary hearing.

On September 11, 2006, approximately 4 1/2 months after the superior court denied relief, Costella filed another habeas petition with the California Court of Appeal. On December 11, 2006, the California Court of Appeal again denied habeas relief. Costella filed another petition for review with the California Supreme Court on December 20, 2006, which the court denied on February 14, 2007. As noted, Costella filed the instant federal habeas petition on February 20, 2008.

**DISCUSSION**

**A.    Legal Standards**

AEDPA requires that an application for a writ of habeas corpus be made during the

one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

AEDPA tolls the one-year limitations period for the "time during which a properly filed application for [s]tate post-conviction or other collateral review is pending." *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008) (citing 28 U.S.C. § 2244(d)(2)). An application for post-conviction review is pending "while a California petitioner completes a full round of state collateral review," including during the "period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.* (citing *Evans v. Chavis*, 546 U.S. 189, 191 (2006)). In California, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a reasonable time." *Evans*, 546 U.S. at 192-93. Thus, in California, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he [may] count as 'pending' (and add to the one-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Id.* at 193.

In *Evans*, the United States Supreme Court noted that the California Supreme Court had not yet provided "clear direction or explanation . . . about the meaning of the term 'reasonable time' in the present context." *Waldrip*, 548 F.3d at 734 (citing *Evans*, 546 U.S. at 198). Nevertheless, the Supreme Court observed in *Evans* that six months appeared to be unreasonable, and further noted that the issue of what is "reasonable" is not purely one of state law. *Id.* (citing *Evans*, 546 U.S. at 199-201). The Ninth Circuit has subsequently interpreted *Evans* as making "clear that an unexplained delay of six months between the denial by one California state court and a new filing in a higher California court [is] too long to permit tolling of the federal limitations period on the ground that state court proceedings were 'pending.'" *Id.*

3

Equitable tolling of AEDPA's statute of limitations is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."[1] *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (citing *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (overruled on other grounds by *Woodford v. Garceau*, 538 U.S. 202, 205-206 (2003)). In other words, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The Ninth Circuit has held that the deprivation of law library access or the denial of personal legal materials may, under certain circumstances, entitle a petitioner to equitable tolling. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir. 2000) (remanding to district court to determine whether petitioner was entitled to statutory or equitable tolling as a result of alleged denial of law library access); *see also Lott*, 304 F.3d at 924 (remanding to district court to determine whether pro se prisoner was entitled to equitable tolling based on loss of access to his legal files during prison transfer). The Ninth Circuit, however, has not set specific parameters regarding when such circumstances entitle the petitioner to equitable tolling, nor has it settled on a single consistent standard. *See Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

Additionally, "where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling." *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). The first question for the court is whether or not the attorney's conduct constitutes extraordinary circumstances. *Id.* at 801-02. If the court concludes that it does, then the second inquiry is whether, in addition to the existence of extraordinary circumstances based on his counsel's conduct, the petitioner can

---

[1] The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005), but the Ninth Circuit holds that the one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

4

demonstrate that he personally exercised reasonable diligence in pursuing his federal habeas petition. *See id.* (directing district court to consider on remand the separate question of whether petitioner exercised reasonable diligence).

### B.     Parties' Arguments

The state argues that Costella's federal petition was untimely because the 137 days between the trial court's April 27, 2006 denial of state habeas relief and his subsequent September 11, 2006 habeas petition filed with the California Court of Appeal were not tolled. Citing to district court cases, the state contends that the 137-day delay was unreasonable. Alternatively, the state argues that even if the 137-day delay was reasonable, Costella's habeas petition was still untimely by six days since it was not filed until February 20, 2008, more than one year after the California Supreme Court denied review on February 14, 2007.

Costella responds that the 137 days were indeed statutorily tolled because the delay in filing his habeas petition with the state appellate court was reasonable because he needed the transcripts of the evidentiary hearing to prepare his September 11, 2006 petition, and argues that it would have been "an exercise in futility" to present the petition without the transcripts. In support, Costella's counsel, Peter F. Goldscheider, who was also his counsel in conjunction with the state habeas proceedings, submitted a declaration and exhibits, which demonstrate that Goldscheider ordered a transcript immediately after the December 2005 evidentiary hearings, but that it was not completed until July 12, 2006, because the court reporter was on leave for several months during that period. Costella asserts that because of the factual nature of his ineffective assistance of counsel claims, it was necessary that he have the transcript to prepare the petition, and also that he was in fact required to present the transcript to the California Court of Appeal in support of his petition. Costella notes that following receipt of the transcripts on July 12, 2006, he filed his habeas petition with the state appellate court 56 days later.

Assuming this court finds that the 137 days are statutorily tolled because the delay

between state petitions was reasonable, Costella also argues that the six-day period between February 14, 2008, the expiration of AEDPA's statute of limitations,[2] and February 20, 2008, should be equitably tolled.  Costella argues that he was diligent in attempting to file by February 14, 2008, but that "unforeseen extraordinary events" caused the six-day delay.  Although Costella's opposition is less than clear, it appears that he contends that a prison lockdown prevented him from communicating with his counsel and from obtaining the necessary documentation to support his accompanying in forma pauperis ("IFP") application during a critical time in the pre-filing process.

On December 24, 2007, approximately seven weeks prior to the expiration of the statute of limitations, Goldscheider mailed Costella a copy of the completed petition in addition to an IFP application for Costella's signature.  On December 31, 2007, Costella immediately signed the habeas petition and returned it to Goldsheider.  However, Costella still had questions regarding the IFP application and also needed to obtain from the prison an accounting of his financial condition.  Around that time, Costella attests that the prison facility was "locked down," and that he was unable to communicate with his attorney or to pursue the accounting.

Costella claims that January 17, 2008, nearly a month prior to the statute of limitation's expiration, was his first opportunity after the lockdown to request the accounting. He asserts that he wrote a letter to the prison's trust account office that day requesting the

---

[2] In his declaration, Costella's attorney agrees that February 14, 2008, is the one-year anniversary of the California Supreme Court's denial of his petition for review, and even acknowledges that it was "always [his] intent" to file Costella's habeas petition on or before February 18, 2008. Goldscheider Decl. at 2, ll. 1-3; 3, ll. 12-15. However, in his opposition, Costella suggests that he had an additional 90 days to file his federal habeas petition, asserting that he is entitled to statutory tolling of the 90 days in which he could have filed a petition for writ of certiorari in the United States Supreme Court. This is not the case, though. The California Supreme Court's February 14, 2008 order denying Costella's petition for review was final upon filing, *see Phelps v. Alameda*, 366 F.3d 722, 724 n. 1 (9th Cir. 2004), and habeas petitioners are not entitled to statutory tolling for the period available to file a petition for writ of certiorari in the United States Supreme Court following state collateral review. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

6

accounting, but that he received no response.[3] On January 27, 2008, Costella then requested the assistance of his prison counselor in obtaining the accounting. Costella Decl., Exh. A. On February 3, 2008, Costella received a form from his prison counselor, dated February 1, 2008, advising him that he needed to direct his request to the prison litigation office. That same day, Costella sent a request for the accounting to the prison litigation office, which was received by the office on February 5, 2008. Costella Decl., Exh. B. Again, Costella received no response for over two weeks. On February 21, 2008, seven days after the statute of limitations expired, Costella's prison counselor provided him with the accounting, and promised Costella that he would mail the accounting to Goldscheider that same day.

Goldscheider attests that meanwhile, on February 14, 2008, the date the statute of limitations expired, he decided to defer filing the petition since he still had not received Costella's IFP application and the accounting. He states that he made this decision after speaking to a clerk of the court who advised him that it was unlikely that a late-filed IFP application would be granted. However, when Goldscheider still had not received Costella's IFP application and the accounting by February 20, 2008, he went ahead and paid the filing fee on Costella's behalf, fearful that the court would be unlikely to grant equitable tolling if the delay was more than a few days.

In reply, the state argues that the 137-day gap between the state habeas petitions was not reasonable based on the delayed transcripts. It implies that the transcripts were unnecessary because counsel was already aware of the factual and legal bases for the habeas petition, and also because only a portion of the transcripts - that of the third day of the hearings - was delayed.

The state also contends that Costella is not entitled to equitable tolling of the six-day period. It implies that the IFP application and accompanying accounting were meritless

---

[3]Costella states that the January 17, 2008 letter is attached to his declaration, but that is not the case.

7

and thus unnecessary, noting that the court actually denied Costella's subsequently-filed IFP application because his prisoner account balance exceeded the requisite amount. The state further argues that Costella could have delayed filing his IFP request until after his habeas petition was timely filed.

**C.    Analysis**

Looking first at the 137-day period, the court finds that the gap between the state habeas petitions was reasonable, given Costella's prior demonstrated pattern of diligence in filing his state habeas petitions, and given the delay he encountered obtaining the transcripts from the state court evidentiary hearing. Contrary to the state's argument, Costella relied heavily on the transcripts in preparing his September 11, 2006 habeas petition. In that petition, Costella provided an approximately twenty-page summary of the evidence adduced at the December 2005 evidentiary hearing. Costella also attached the transcripts from the evidentiary hearing, along with the exhibits introduced at the hearing, for the appellate court's review. He additionally revised his ineffective assistance of counsel arguments to account for the testimony and evidence introduced at that hearing, and also incorporated the trial court's April 27, 2006 rulings. Moreover, less than sixty days elapsed between Goldscheider's receipt of the transcripts and the September 11, 2006 filing of the habeas petition.[4] For all of these reasons, the court finds that Costella's state habeas petitions were "pending" between April 26, 2006 and September 11, 2006, and that AEDPA's statute of limitations was thus statutorily tolled.

The six-day period between February 14, 2008 and February 20, 2008 presents a closer call for the court. The evidence demonstrates that Costella was diligent in seeking to timely file his habeas petition, having returned the completed petition to his counsel on December 31, 2007, at least six weeks in advance of the expiration of the statute of limitations. The evidence also suggests that Costella was diligent in attempting to complete

---

[4] Although the state asserts that only a portion of the transcripts were delayed, Goldscheider's declaration suggests the contrary. Goldscheider implies that he did not receive any of the transcripts prior to July 2006.

8

his IFP application and obtain his accounting.  He pursued the accounting weeks before the deadline expired, but was unsuccessful.  The evidence further suggests that extraordinary circumstances beyond Costella's control existed in the form of prison delay and the lockdown.  However, the problem is that those extraordinary circumstances related to Costella's completion of the IFP application, and it was not "impossible" for Costella to file his habeas petition absent the IFP application.

Nevertheless, the court finds that extraordinary circumstances indeed exist because Goldscheider's conduct in failing to file the petition was egregious.  Goldscheider acknowledges in his declaration that he intended to file Costella's petition by February 14, 2008, and implies that he was aware that was when AEDPA's statute of limitations likely expired.  Goldscheider further acknowledges that he understood the consequences of a failure to timely file the habeas petition, and that equitable tolling may be difficult to obtain.  Given this knowledge, the fact that an IFP application may be filed after the habeas petition is filed, and the fact that the filing fee was only $5, it was inexcusable for Goldscheider to intentionally hold on to Costella's completed habeas petition and allow the statute of limitations to expire in anticipation of receipt of Costella's IFP application.  This egregious conduct, combined with Costella's own diligence, constitutes extraordinary circumstances which entitle Costella to equitable tolling of the six-day period from February 14, 2008 to February 20, 2008.

**CONCLUSION**

For all of the above reasons, the court finds that Costella's February 20, 2008 federal habeas petition was timely, and DENIES the state's motion to dismiss.

The state is ORDERED to file with the court and serve on Costella, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  The state shall file with the answer and serve on Costella a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the

9

petition.

If Costella wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on the state within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: January 8, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge