UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID LOUIS COSTELLA,

    Petitioner,

    v.

KENNETH CLARK, Warden,

    Respondent.

_____/

No. C 08-1010 PJH

**ORDER RE: MOTION FOR DISCOVERY; MOTION TO EXPAND RECORD; MOTION FOR EVIDENTIARY HEARING**

Currently before the court are petitioner David Costella's ("Costella") motions for discovery, to expand the record, and for an evidentiary hearing, which were filed in addition to his traverse on June 10, 2009. Respondent subsequently filed an opposition, and Costella filed a reply.

**BACKGROUND**

On February 20, 2008, Costella filed a federal habeas petition challenging his January 10, 2003 state court conviction for lewd and lascivious acts with a child under fourteen years-old pursuant to California Penal Code §§ 288.5(a) and 288(a). In that petition, Costella claims that his trial counsel was ineffective because he failed to investigate the victim's credibility, failed to investigate evidence that could have been adduced from Costella's ex-girlfriends, and because he failed to explore the possibility of expert testimony regarding whether Costella had the propensity to commit the offenses and whether the victim had the propensity to "imagine" the molestations. Costella also claims

that his ex post facto rights were violated when a new extended statute of limitations was applied to his case after the previous, shorter limitations period had expired.

In state court habeas proceedings in which Costella was represented by his current counsel, Peter F. Goldscheider, the California Supreme Court previously directed the California Court of Appeal to vacate its order denying habeas relief, and to issue an order to show cause why Costella was not entitled to relief based on the same ineffective assistance of counsel claims as those raised in the instant federal petition. Subsequently, on August 10, 2005, the trial court issued an order for an evidentiary hearing on the following three factual disputes: (1) Costella's living arrangements at the time his daughter, "M," the minor victim, was molested; (2) whether Costella directed his trial counsel not to interview his ex-girlfriends as potential witnesses; and (3) the impact of trial counsel's failure to investigate and present expert testimony regarding Costella's lack of sexually deviant personality characteristics.

In December 2005, the state trial court held a three-day evidentiary hearing, at which approximately ten witnesses testified. On April 27, 2006, the court issued a ten-page written order denying habeas relief following the evidentiary hearing. The California Court of Appeal and the California Supreme Court affirmed the trial court's order in subsequent habeas proceedings.

## DISCUSSION

**1.    Motion for Discovery**

Costella seeks discovery of "M"'s medical records, which he claims would likely be exculpatory. He suggests that the medical records may demonstrate that the incidents of molestation attested to by "M" never occurred, and suggests that the fact that the prosecution did not introduce the records at trial must have been because they failed to corroborate "M"s testimony that when she was a minor, Costella subjected her to full intercourse for three years. Traverse at 21. Costella implies that it was not a lack of diligence that prevented him from obtaining the records in conjunction with the state court

evidentiary hearing, but instead concedes that California law prohibited him from such discovery since he had not been sentenced to death or life without parole.  Traverse at 23.

In opposition, respondent argues that Costella has not complied with Habeas Rule 6(b), which governs discovery requests in habeas cases, because he failed to specify which medical records he seeks.  It also argues that Costella fails to show that the records may entitle him to relief.

In reply, Costella contends that "it is clear" that he is seeking to discover those medical records that are referenced in the December 20, 2005 evidentiary hearing transcripts.  *See* Record Transcripts ("R.T."), Exh.  2 at 253-54 (discussing the victim's medical records from her pediatrician with respect to "female issues").  Costella reiterates that he will be prejudiced if he does not obtain the medical records, which he argues may negate the victim's claim that he had engaged in full sexual intercourse with her.

Habeas Rule 6(a) provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . ." *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005)  (*quoting Harris v. Nelson*, 394 U.S. 286, 299 (1969)).  The Ninth Circuit has also described this standard as being that discovery must be allowed when it is "essential" for the petitioner to "develop fully" his or her underlying claim. *Id.* (*quoting Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997)).  Where the evidence sought via a petitioner's discovery request "may well contain favorable, material information," the Ninth Circuit has held that it is "essential," and that the district court is required to grant the petitioner's request pursuant to Rule 6(a).   *Id.*

Although the discovery standard articulated by the Ninth Circuit in *Pham* is a permissive one, it is not without limits.  "[F]ederal discovery [does not serve as a] fishing

3

expedition to investigate mere speculation." *Calderon v. District Court (Nicolaus),* 98 F.3d 1102, 1106 (9th Cir. 1996).   Speculation is exactly what Costella proffers in support of his request to discover the victim's medical records.  Costella has made no showing that the medical records are "essential" to the development of his ineffective assistance of counsel claims, and the court therefore DENIES the motion for discovery.

**2.     Motions to Expand the Record and/or for an Evidentiary Hearing**

These motions are governed by the same standards, albeit different standards than the discovery motion.  The diligence requirements of 28 U.S.C. § 2254(e)(2) govern requests to expand the record and for evidentiary hearings.  *See Cooper-Smith v. Palmateer,* 397 F.3d 1236, 1241 (9th Cir. 2005).  A petitioner seeking to expand the record or seeking an evidentiary hearing must also allege facts, that if proven, would entitle him to relief.  *Jones*, 114 F.3d at 1010.  "In other words, petitioner must allege a colorable constitutional claim."  *Turner v. Calderon*, 281 F.3d 851, 890 (9th Cir. 2002).

Because the court concludes that its determinations regarding Costella's requests to expand the record and for an evidentiary hearing require, to a large degree, review of Costella's claims on the merits, the court defers ruling on those requests until the time that it issues its order on the merits of Costella's federal habeas petition.  Such an order will follow in due course.

Accordingly, this order disposes of the motions listed at docket number 32.

**IT IS SO ORDERED.**

Dated: December 7, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

4